IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANAURIS NEGRET GARCÉS,

    Plaintiff,

    v.

WASHINGTON GAS LIGHT COMPANY,

    Defendant.

)
)
)
)
)
)
)
)
)

Case No. 1:25-cv-1381 (RDA/LRV)

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Washington Gas Light Company's ("Defendant") Motion to Dismiss (the "Motion") the Complaint filed by *pro se* Plaintiff Anauris Negret Garcés ("Plaintiff"). Dkt. 1. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Having considered the Motion together with the Complaint (Dkt. 1), Defendant's Memorandum in Support (Dkt. 17), Plaintiff's Opposition (Dkt. 21), and Defendant's Reply (Dkt. 22), this Court GRANTS the Motion for the reasons that follow.

### I. BACKGROUND

#### A. Factual Background[1]

On or about November 2023, a utilities account was created under Plaintiff's name. Dkt. 1 ¶ 5. Plaintiff provided the service address as "9430 Russian Branch Drive." *Id.* at 4. This location corresponds to a Premise ID internally designated by Defendant since 2004 as a

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

1

commercial/industrial site with an existing macro-meter. *Id.* Thus, Plaintiff alleges that Defendant's internal records classified the account as "Commercial," while external reporting and billing treated it as "Residential." *Id.* ¶ 5. Defendant's online payment portal restricted residential accounts to a $1,000 limit and commercial accounts to a $5,000 limit. *Id.* ¶ 9.

Between January and July 2024, Plaintiff repeatedly contacted Defendant's customer service to address the issue. *Id.* ¶ 6. Plaintiff alleges that Defendant's representative, Marvin Tolosa, admitted the account had been "created in error." *Id.*

On August 5, 2025, Defendant issued a bill reflecting a "Commercial and Industrial Heating" classification with a $0.90 charge. *Id.* ¶ 7. On August 11, 2025, Defendant issued a "Corrected Final Bill" showing multiple credits and reducing the balance to $0.00. *Id.* ¶ 8.

Plaintiff alleges that Defendant reported inaccurate tradelines to credit bureaus and misclassified the account for over 18 months, and that this caused her to suffer reputational and financial harm. *Id.* ¶ 10. Plaintiff asserts that collection activity was initiated by LJ Ross, who later confirmed that the account was returned to Defendant and that tradeline deletion requests were submitted in August 2025. *Id.* ¶ 11. Plaintiff alleges that she continues to suffer ongoing harm, including credit damage, reputational loss, emotional distress, and the burden of addressing Defendant's misconduct. *Id.* ¶ 12.

### B. Procedural Background

On August 22, 2025, Plaintiff filed the instant action. Dkt. 1. On October 1, 2025, Defendant filed its Motion to Dismiss. Dkt. 16. The same day, this Court notified Plaintiff of Defendant's Motion and Plaintiff's right to reply within twenty-one days pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Dkt. 19. On October 15, 2025, Plaintiff filed her Opposition. Dkt. 21. On October 21, 2025, Defendant filed its Reply. Dkt. 22.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion, *see Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015), but they "may consider documents . . . attached to the motion to dismiss, as long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

## III. ANALYSIS

Plaintiff's Complaint asserts claims under the Fair Credit Reporting Act (15 U.S.C. § 1681s-2(b)) ("FCRA"), and the Virginia Consumer Protection Act (Va. Code § 59.1-196 *et seq.*) ("VCPA"), as well as claims of negligence, misrepresentation, and unjust enrichment under the

Virginia common law. Dkt. 1 ¶¶ 13–20. Defendant argues that Plaintiff has failed to state any claim for relief. Dkt. 17. The Court will address each argument in turn.

Beginning with Plaintiff's FCRA claim, to state a claim for failure to reasonably investigate under FCRA, Plaintiff must allege that (1) she submitted a dispute over the accuracy of information on a credit report to a consumer reporting agency; (2) the agency notified the furnisher of that dispute; and (3) the furnisher failed to conduct a reasonable investigation to determine whether the disputed information can be verified. *See Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 249 (4th Cir. 2025); *Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 933 (E.D. Va. 2012) ("The creditor's receipt of a notice from a credit reporting agency is the event that triggers Defendant's obligation to investigate."). Here, Plaintiff does not allege that she submitted a dispute to a consumer reporting agency. Dkt. 1. Because Plaintiff has failed to plead that she submitted a dispute to a consumer reporting agency, she likewise fails to plead the second and third elements, because they presuppose that the first element be met. Accordingly, this claim will be dismissed.

As to Plaintiff's VCPA claim, Defendant correctly asserts that Plaintiff's claim fails *ab initio* because Defendant, as a gas supplier, is not subject to the VCPA. Indeed, the Act contains an exclusion specifying that "[n]othing in this chapter shall apply to," *inter alia*, "public service corporations" and "gas suppliers as defined in subsection E of § 56-235.8." Va. Code § 59.1-199. Moreover, Plaintiff concedes this point in her Opposition and does not contest dismissal of this claim. Dkt. 21 at 21. Accordingly, this claim will be dismissed.

Turning to Plaintiff's negligence claim, to state a claim for negligence, Plaintiff must sufficiently plead that: (1) the defendant had a duty of care that (2) it breached, and that the breach (3) proximately caused an (4) injury to the plaintiff. *Brown v. Wal-Mart Stores East, LP*, 139 F.4th 356, 362 (4th Cir. 2025) (citing *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293 (2003)).

4

Here, Plaintiff herself admits that she mistakenly provided the wrong address to Defendant when creating her account and fails to identify why this mistake should be imputable to Defendant. Dkt. 1-18 at 8. Moreover, the only specific damages that Plaintiff alleges in her Complaint are that Defendant issued a bill for $0.90 that was promptly corrected to $0.00. And, in her Opposition, as to all of her common law claims, Plaintiff merely states, "To the extent the original Complaint included common law claims for negligence, misrepresentation, or unjust enrichment without sufficient specificity," she "do[es] not oppose dismissal of those claims." Dkt. 21 at 21. Accordingly, this claim will be dismissed.

As for Plaintiff's misrepresentation claim, "[a]n allegation of misrepresentation 'must include the elements of fraud: a false representation, of material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage.'" *Jefferson v. Briner Inc.*, 2006 WL 1720692, at *9 (E.D. Va. June 21, 2006) (internal citations omitted). Moreover, to state a claim of fraud, a plaintiff is "required to state with particularity the circumstances constituting fraud or mistake," including "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wynn's Extended Care, Inc.*, 619 F. App'x at 220 (quoting *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)). Here, Plaintiff fails to identify any intentional, knowing misrepresentation of material fact by Defendant upon which she relied, and likewise fails to identify with specificity the time, place, and contents of any such false representations, as well the identity of the person making the misrepresentations and what such person obtained thereby. Accordingly, this claim will be dismissed.

Finally, as to Plaintiff's unjust enrichment claim, to state a claim for unjust enrichment, Plaintiff must allege that: "(1) [Plaintiff] conferred a benefit on the Defendant; (2) the Defendant

knew of the benefit and should reasonably have expected to repay the Plaintiff; and (3) the Defendant accepted or retained the benefit without paying for its value." *James G. Davis Constr. Corp. v. FTJ, Inc.*, 298 Va. 582, 597 (2020). Here, Plaintiff asserts that "Defendant unjustly retained benefits at Plaintiff's expense," but fails to allege what the benefit was, that Defendant knew of it, and that Defendant accepted or retained the benefit without paying for its value. Dkt. 1 ¶ 20. Accordingly, this claim will be dismissed.

The Court also notes that Plaintiff attempts to assert in her Opposition additional claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and under new sections of FCRA. *See* Dkt. 21 at 22 ("I focus primarily on FCRA violations and defer to the Court's judgment on FDCPA applicability."); *id.* at 21 (asserting that she has "viable claims under FCRA §§ 1681e(b), 1681s-2(a)"). But it is axiomatic that a Plaintiff may not amend her complaint through an opposition brief. *See Hooker v. Disbrow*, 2017 WL 1377696, at *4 (E.D. Va. Apr. 13, 2007) (refusing to consider new facts and claims raised in opposition to motion to dismiss because such "allegations were not contained in" the complaint); *see also Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) ("[I]t is . . . 'axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.'"). Accordingly, the Court does not consider these claims.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss (Dkt. 16) is GRANTED; and it is

FURTHER ORDERED that Count II of the Complaint is DISMISSED with prejudice as amendment would be futile; and it is

6

FURTHER ORDERED that Counts I and III of the Complaint are DISMISSED without prejudice; however, in recognition of Plaintiff's *pro se* status and because the Court cannot determine at this time that amendment would be futile, Plaintiff will be permitted leave to amend; and it is

FURTHER ORDERED that Plaintiff is DIRECTED to file any amended complaint within TWENTY-ONE (21) DAYS of the entry of this Order.  An amended complaint must include the specific facts giving rise to each count, the dates of each incident, the persons involved, and the reasons why she believes Defendant is liable to her.  Plaintiff is advised that her Amended Complaint will serve as the sole complaint in this civil action.  Plaintiff is WARNED that this may be her final opportunity to file a complaint in this matter and that failure to comply with this Order may result in dismissal of her case pursuant to Federal Rule of Civil Procedure 41.

The Clerk is directed to send a copy of this Order to *pro se* Plaintiff Anauris Negret Garcés at her address of record.

It is SO ORDERED.

Alexandria, Virginia
July **29**, 2026

Rossie
Unit                ict Judge

7